POLEN, J.
Appellant Aaron Powell timely appeals his involuntary commitment pursuant to the Sexually Violent Predator Act. Powell argues that the trial court erred in denying his motions for mistrial and new trial based on the state’s allegedly improper closing argument.
During closing argument, the state argued that Powell had no job skills and no support system, as his mother “didn’t bother to show up for the trial.” Defense counsel objected, stating it was improper argument. The trial court sustained the objection. The state also argued that Powell’s low IQ was not a factor to be considered in assessing his risk to reof-fend, but suggested that his IQ “makes him that much more scarier to the children in this community.” Defense counsel objected, to which the trial court responded, “It’s closing argument, it’s not evidence, I explained that to them.” The state went on to argue before the jury that Dr. Sha-dle, the defense’s expert witness at trial, had never testified for the state and works only for defense attorneys. The state argued:
Everything, one hundred percent of what he does in this arena is for the defense, everything he does is for the defense. Let that color how you view his testimony ... He has no better idea except to come in here and testify for the person who’s paying him—
*1170 Defense counsel objected, and the trial court overruled the objection, stating “It’s closing argument, it’s not evidence.” .
Furthermore, the state argued that Powell met the criteria for involuntary commitment. The state claimed the actuarial science, as brought out by the state’s expert witness, showed that Powell had a 52% chance to recidivate within the next 15 years. The following exchange then occurred:
STATE': ... If you hesitate at all, 52% chance of general recidivating, but the kid he recidivates with it’s 100% chance. If you hesitate at all, you’re putting every child he comes in contact with at risk.
DEFENSE COUNSEL: Objection, Your Honor, improper argument.
THE COURT: Overruled.
DEFENSE COUNSEL: May I make a motion, Your Honor? I would like to reserve—
Defense counsel agreed to let the state conclude its closing argument before making a motion for mistrial.
Defense counsel’s motion for mistrial was denied without any reasoning, but the trial court did state, “We’ll come back. You can have as much time. I told you, the both of you can have as much time as you need as long as you finish by next Friday.” Powell filed a motion for new trial, which was also denied by the trial court.
Wide latitude is permitted in arguing to a jury. Moore v. State, 701 So.2d 545, 551 (Fla.1997) (citing Breedlove v. State, 413 So.2d 1, 8 (Fla.1982)). It is within the judge’s discretion to control the comments made to a jury, and appellate courts will not interfere unless an abuse of discretion is shown. Occhicone v. State, 570 So.2d 902, 904 (Fla.1990); Breedlove, 413 So.2d at 8. We are to look at the closing argument as a whole to determine whether that discretion was abused. Merck v. State, 975 So.2d 1054, 1061 (Fla.2007).
We note the following improper arguments made by the state: (1) Powell’s low IQ “makes him that much more scarier to the children in this community,” (2) Powell’s mother “didn’t bother to show up for the trial,” and (3) “If you hesitate at all, 52% chance of general recidivating, but the kid he recidivates with it’s 100% chance. If you hesitate at all, you’re putting every child he comes in contact with at risk.” We find that the cumulative effect of these improper closing argument remarks entitles Poyvell to a new trial.
We also note that after defense counsel objected to some of the state’s arguments, the trial court did not specifically sustain or overrule the objection, stating in one instance that the argument was “closing argument, it’s not evidence, I explained that to them.” For adequate appellate review, it is necessary that trial courts make specific rulings to objections raised.

Reversed.

FARMER and TAYLOR, JJ., concur.